**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-CV-61271-DIMITROULEAS/AUGUSTIN-BIRCH**

**TERRON ALONZO MANLEY,**

**Plaintiff,**

**v.**

**GREGORY TONY, *et al.*,**

**Defendants.**
______________________________________/

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS [DE 16]**

This cause comes before the Court on Defendants Broward County Sheriff Gregory Tony and Deputy Sheriff Shannon J. Spence's Motion to Dismiss Plaintiff's Complaint [DE 16]. The Honorable William P. Dimitrouleas, United States District Judge, has referred the Motion to the undersigned United States Magistrate Judge for appropriate disposition. DE 8. The Court has carefully reviewed the Motion, Responses [DE 18–19][1], Reply [DE 25], the entire record, and is otherwise fully advised in the premises.

For the reasons set forth below, the Court **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's Complaint [DE 16] be **GRANTED**.

## I. Plaintiff's Allegations

In his Complaint, Plaintiff alleges that, on September 1, 2025, he and his sister engaged in a verbal dispute at their late mother's residence concerning possession of the property and other matters relating to her estate. DE 1 ¶¶ 9–11, 19. Following that dispute, Plaintiff left the residence.

[1] The Court notes that DE 19 was filed on the docket as an "Alternative Motion to Amend," but is an exact duplicate of Plaintiff's Response at DE 18.

*Id.* ¶ 13. At that time, Plaintiff's sister called 911 and, according to Plaintiff, made several false statements, including that (1) Plaintiff was her cousin rather than her brother, and (2) Plaintiff had pushed her and caused her to fall. *Id.* ¶ 14. Plaintiff asserts that these statements were made for the sole purpose of removing Plaintiff from the residence. *Id.* ¶ 15.

When Plaintiff returned to the home, Deputy Sheriff Shannon J. Spence ("Deputy Spence") was present. *Id.* ¶ 13. According to Plaintiff, Deputy Spence (1) "[o]bserved no injuries" on Plaintiff's sister, (2) "[r]eceived no corroborating evidence of any battery," and (3) "[d]id not observe any physical signs consistent with the alleged assault." *Id.* ¶ 16. Moreover, "Plaintiff denied any physical contact whatsoever," and Plaintiff's sister "denied sustaining any injury." *Id.* ¶¶ 17–18. Additionally, Plaintiff asserts that his sister had a "clear motive to fabricate the allegation – namely, to use law enforcement to remove [him] from the home." *Id.* ¶ 20.

Despite the above "obvious indicia of unreliability," Plaintiff alleges that Deputy Spence (1) "[f]ailed to conduct a reasonable investigation," (2) "[f]ailed to assess the credibility" of Plaintiff's sister, and (3) "[r]elied exclusively on an uncorroborated and inconsistent accusation." *Id.* ¶ 21. Plaintiff further alleges that, while "[n]o reasonable officer in the same circumstances would have concluded that probable cause existed," Deputy Spence arrested Plaintiff for domestic violence battery. *Id.* ¶¶ 22–23. Plaintiff's charge was subsequently nolle prossed. *Id.* ¶ 24. As a result of his arrest, however, Plaintiff alleges that he suffered "loss of liberty, emotional distress, reputational harm, and other damages." *Id.* ¶ 25.

In his Complaint, Plaintiff pleads four counts. Counts I and II – false arrest and malicious prosecution, respectively – are pled against Deputy Spence. Count III – municipal liability – is pled against Broward County Sheriff Gregory Tony ("Sheriff Tony"). Finally, Count IV – false imprisonment – is pled against Deputy Spence and is brought under state law. Defendants now

move to dismiss Counts I and II based on qualified immunity and Count III for failure to state a claim. DE 16. Additionally, Defendants ask this Court to remand Count IV to the Broward County Circuit Court. *Id.*

## II. Analysis

### A. Qualified Immunity

Defendants move to dismiss Counts I and II based on qualified immunity.

#### 1. General Principles

"The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) (quotation marks omitted). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation . . . ." *Id.* (quotation marks omitted).

To establish a defense of qualified immunity, a public official must first show that he or she "was acting within the scope of his or her discretionary authority." *Moore v. Pederson*, 806 F.3d 1036, 1042 (11th Cir. 2015). The term "discretionary authority" "include[s] all actions of a governmental official that (1) were undertaken pursuant to the performance of his [or her] duties, and (2) were within the scope of his [or her] authority." *Id.* (quotation marks omitted).

The burden then shifts to the plaintiff to make two showings. *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019). First, the plaintiff "must establish that the defendant violated a constitutional right." *Id.* Second, the plaintiff must show the violated right was "clearly established." *Id.* "Both elements of this test must be satisfied for an official to lose qualified

immunity, and this two-pronged analysis may be done in whatever order is deemed most appropriate for the case." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1254 (11th Cir. 2010).

For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right." *Corbitt*, 929 F.3d at 1311 (quotation marks omitted). In other words, the relevant inquiry at this juncture is whether the state of the law gave the defendants "fair warning" that their alleged conduct was unconstitutional. *Id.* at 1312.

The Eleventh Circuit has identified three ways a plaintiff can show that a right has been "clearly established." *Id.* The first method requires that a plaintiff "show that a materially similar case has already been decided." *Id.* "This category consists of cases where judicial precedents are tied to particularized facts." *Id.* In determining whether a right is clearly established, the court looks to "judicial decisions of the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the highest court of the relevant state." *Id.*

The second method requires that a plaintiff "show that a broader, clearly established principle should control the novel facts" of a particular situation. *Id.* "[T]he principle must be established with obvious clarity by the case law so that every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the official acted." *Id.* Finally, the third method requires that a plaintiff show that his or her case "fits within the exception of conduct which so obviously violates [the] constitution that prior case law is unnecessary." *Id.*

In short, the "clearly established" standard is a demanding standard that protects "all but the plainly incompetent or those who knowingly violate the law." *D.C. v. Wesby*, 583 U.S. 48, 63 (2018) (quotation marks omitted). Importantly, the Eleventh Circuit has observed that "if case law,

in factual terms, has not staked out a bright line, qualified immunity ***almost always*** protects the defendant." *Corbitt*, 929 F.3d at 1312 (emphasis added). The "specificity" of the "clearly established" rule is "especially important in the Fourth Amendment context," which hinges on the existence of probable cause. *Wesby*, 583 U.S. at 64 (quotation marks omitted).

Although the defense of qualified immunity is typically addressed at the summary judgment stage of a case, "it is proper to grant a motion to dismiss on qualified immunity grounds when the complaint fails to allege the violation of a clearly established constitutional right." *Corbitt*, 929 F.3d at 1311 (quotation marks omitted); *see Gonzalez*, 325 F.3d at 1233 ("It is therefore appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss stage if the complaint fails to allege the violation of a clearly established constitutional right." (quotation marks omitted)).

**2. Discretionary Authority**

Plaintiff never suggests that, when he was arrested, Deputy Spence was not acting within the scope of his discretionary functions. *See generally* DE 18–19. Plaintiff has thus forfeited any such argument. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) ("[F]ailure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue"); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief . . . are deemed waived.").

Nor could Plaintiff have argued otherwise. In deciding whether an act is within a public official's discretionary function, courts ask whether the act falls within the public official's general job responsibilities. *See Hollomon ex rel. Hollomon v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004) ("Instead of focusing on whether the acts in question involved the exercise of actual discretion, we assess whether they are of a type that fell within the employee's job

responsibilities.”). The court’s inquiry here is two-fold – it asks “whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize.” *Id.* Not surprisingly, the act of arresting a subject falls squarely within the scope of a police officer’s discretionary function. *See Sevostiyanova v. Cobb Cnty., Ga.*, 484 F. App’x 355, 357 (11th Cir. 2012) (“A police officer acts within his discretionary authority when he effectuates an arrest.”). This Court thus agrees with Deputy Spence that he was, at all relevant times, acting within the scope of his discretionary authority.

**3. False Arrest (Count I)**

Deputy Spence argues he is entitled to qualified immunity because he had probable cause – or at a minimum, arguable probable cause – to arrest Plaintiff for domestic violence battery. DE 16 at 5; DE 25 at 2–3.

The Fourth Amendment provides a “right of the people to be secure in their persons . . . against unreasonable . . . seizures.” U.S. Const. amend. IV. An officer violates a person’s Fourth Amendment right against unreasonable seizures if the officer arrests that person without probable cause. *Garcia v. Casey*, 75 F.4th 1176, 1186 (11th Cir. 2023). Probable cause is established where facts, “derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed.” *Id.*

But to establish the defense of qualified immunity for a false arrest claim, the Eleventh Circuit has held that “an officer need not have actual probable cause, but only ‘arguable’ probable cause.” *Id.* (quotation mark omitted). Arguable probable cause exists where “reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff.” *Grider*, 618 F.3d at 1257 (quotation marks

omitted). "The standard is an objective one and does not include an inquiry into the officer's subjective intent or beliefs." *Id.* "Whether an officer possesses arguable probable cause depends on the elements of the alleged crime and the operative fact pattern," but "does not require proving every element of a crime." *Id.*

Accordingly, "the dispositive question is whether it was already clearly established, as a matter of law, that at the time of Plaintiff's arrest, an objective officer could not have concluded reasonably that probable cause existed to arrest Plaintiff under the particular circumstances Defendants confronted." *Garcia*, 75 F.4th at 1186. In other words, an officer "lacks arguable probable cause only if the state of the law on the date of the alleged misconduct makes it obvious that the [officer's] acts violated the plaintiff's rights in the specific set of circumstances at issue." *Id.* (quotation marks omitted).

Here, Plaintiff has failed to show that the state of the law on the date of his arrest made it obvious that Deputy Spence's conduct was unlawful. First, Plaintiff has failed to present this Court with a materially similar case from the U.S. Supreme Court, the Eleventh Circuit, or the Supreme Court of Florida that would have given Deputy Spence fair warning that his conduct violated the Fourth Amendment. Nor has Plaintiff presented a case that establishes a broader principle that should control the facts of this case.

Additionally, this is not a case that so obviously violates the Fourth Amendment that prior case law is unnecessary to hold Deputy Spence individually liable for his conduct. To find otherwise would require the Court to conclude that no reasonable officer would have arrested Plaintiff under the circumstances. This the Court is unable to do – Plaintiff's allegations do not rise to that rare level of conduct that "lies so obviously at the very core of what the Fourth

Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law." *Corbitt*, 929 F.3d at 1323.

On the contrary, here, the Court agrees that Deputy Spence had arguable probable cause to arrest Plaintiff. Under the circumstances present in the case at bar, the Court's decision in *Allen* is instructive. *Allen v. Gooden*, No. 11-61804-CIV, 2012 WL 2375330, at *1 (S.D. Fla. June 22, 2012), *aff'd,* 521 F. App'x 754 (11th Cir. 2013). There, the Court dismissed a false arrest claim on qualified immunity grounds, finding arguable probable cause to exist based solely on a victim's uncorroborated allegations. *Id.* at *6–7. Specifically, the plaintiff's complaint alleged that a cashier at the Department of Motor Vehicles falsely accused him of threatening to kill her and trying to slap her after he questioned the cashier's decision to let someone cut him in line. *Id.* at *1. When the cashier repeated these accusations to a Florida Highway Patrol officer, the officer detained the plaintiff and told him that he would be charged with making a threat to a public official. *Id.* Though the officer eventually released the plaintiff after determining that the matter was a miscommunication, the plaintiff filed a false arrest claim. *Id.* Determining that the officer was immune from suit, the Court found that "[b]ased on [the cashier's] statement, [the officer] had, at a minimum, arguable probable cause that Plaintiff committed a crime." *Id.* at *2. The Court also rejected the plaintiff's argument that the officer was required to corroborate the cashier's allegations.

Here, too, Plaintiff's Complaint demonstrates on its face that Deputy Spence had arguable probable cause to arrest Plaintiff. Specifically, Plaintiff alleges that Deputy Spence arrested him after Plaintiff's sister called 911 and stated to Deputy Spence that Plaintiff had pushed her and caused her to fall. DE 1 ¶ 14. This statement offered the same sort of support for arguable probable cause as existed in *Allen*. Accordingly, like the defendant in *Allen*, Deputy Spence is entitled to

qualified immunity and Plaintiff's claim for false arrest should therefore be dismissed with prejudice. *See Allen*, 2012 WL 2375330, at *3; *see also Lawson v. City of Miami Beach*, 908 F. Supp. 2d 1285, 1291 (S.D. Fla. 2012) (dismissing false arrest claim based on qualified immunity because defendant officers had arguable probable cause to make arrest based on victim's statement).

**4. Malicious Prosecution (Count II)**

Deputy Spence next argues that, as above, he is entitled to qualified immunity on Plaintiff's malicious prosecution claim because he had probable cause or arguable probable cause to arrest Plaintiff. DE 16 at 5; DE 25 at 2–3. For starters, this argument assumes that probable cause for malicious prosecution, like false arrest, turns on the facts and circumstances within the officers' knowledge. The Eleventh Circuit, however, has held that such is not the case. *See Williams v. Aguirre*, 965 F.3d 1147, 1162–63 (11th Cir. 2020) ("The analysis of whether seizures pursuant to legal process violate the Fourth Amendment is distinct from the analysis of seizures without legal process. Although the lawfulness of a warrantless arrest turns on whether the arresting officer had probable cause, the lawfulness of seizures pursuant to legal process turns on the validity of the legal process itself. . . . In other words, warrantless arrests concern whether the facts known to the arresting officer establish probable cause, while seizures pursuant to legal process concern whether the judicial officer who approved the seizure had sufficient information to find probable cause." (citation omitted)).

Indeed, to prevail on a Fourth Amendment malicious prosecution claim, the plaintiff must prove "(1) that the defendant violated his Fourth Amendment right to be free from seizures ***pursuant to legal process*** and (2) that the criminal proceedings against [the plaintiff] terminated in his favor." *Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020) (emphasis added). While

Plaintiff's warrantless arrest – a seizure *without* legal process – could support a false arrest claim, it cannot support his malicious prosecution claim. *See Williams*, 965 F.3d at 1157–58 (noting false arrest and malicious prosecution claims concern different kinds of seizures). Instead, a malicious prosecution claim must be premised on a seizure *pursuant to* legal process, such as a warrant-based arrest or a seizure "following an arraignment, indictment, or probable-cause hearing." *Id.* at 1158.

Here, Plaintiff alleges no such seizure pursuant to legal process, nor are there facts from which the Court can draw a reasonable inference of such a seizure. Rather, Plaintiff alleges he was arrested without a warrant. DE 1 ¶ 23. So, his malicious prosecution claim necessarily fails. *See Brienza v. City of Peachtree City, Ga.*, No. 21-12290, 2022 WL 3841095, at *8 (11th Cir. Aug. 30, 2022) (holding that Plaintiff could not establish Fourth Amendment malicious prosecution claim in the context of a warrantless arrest).

As such, Plaintiff's Count II should be dismissed with prejudice for failure to state a claim.[2] *See Romine v. Athens Clarke Cnty., Ga.*, 774 F. App'x 620, 621 (11th Cir. 2019) (affirming district court's dismissal of plaintiff's complaint for malicious prosecution where plaintiff was arrested without a warrant); *Martin v. Miami Dade Cnty.*, No. 23-10841, 2024 WL 1434329, at *7 (11th Cir. Apr. 3, 2024) (reversing denial of motion to dismiss as to Plaintiffs' malicious prosecution claim where Plaintiffs' warrantless arrests were on-the-spot seizures without legal process).

**5. Municipal Liability (Count III)**

Plaintiff asserts a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) for municipal liability against Sheriff Tony. DE 1 at 6–7. To establish such a claim, a plaintiff must show that "(1) his constitutional rights were violated, (2) the municipality had a policy (or custom)

---

[2] Dismissal with prejudice is fitting for failure to state a claim. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014).

that constituted deliberate indifference to that constitutional right, and (3) the municipal policy (or custom) caused the violation." *Baker v. City of Madison, Ala.*, 67 F.4th 1268, 1282 (11th Cir. 2023). Here, because none of Plaintiff's claims for constitutional violations survives, he necessarily cannot establish the first element of a *Monell* claim. As such, Plaintiff's Count III should be dismissed with prejudice for failure to state a claim. *See Johnson v. Darnell*, 781 F. App'x 961, 964 (11th Cir. 2019) (affirming dismissal of *Monell* claim where none of plaintiff's underlying constitutional claims survived); *Baker*, 67 F.4th at 1282 (affirming dismissal of *Monell* claim because there was no underlying constitutional violation).

## III. Conclusion

Based on the foregoing analysis, the Court **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's Complaint [DE 16] be **GRANTED**. Plaintiff's Counts I through III should be dismissed with prejudice.

Moreover, Plaintiff premises the Court's subject matter jurisdiction over this case on federal question jurisdiction. Counts I through III are the only federal claims in the Complaint; Count IV is brought under state law. Having recommended dismissal of the only federal claims, the Court recommends declining to exercise supplemental jurisdiction over the remaining state-law claim. *See* 28 U.S.C. § 1367(c)(3) (permitting a court to decline to exercise supplemental jurisdiction if the court has dismissed all of the claims over which it has original jurisdiction).

Accordingly, the Court recommends that Count IV be dismissed without prejudice. *See Thomas v. Bartholomew*, No. 23-13683, 2025 WL 1179583, at *11 (11th Cir. Apr. 23, 2025) (affirming district court's dismissal of all federal claims with prejudice and its decision to decline supplemental jurisdiction over the remaining state-law claims, and holding that the court did not abuse its "considerable discretion" in declining to exercise supplemental jurisdiction); *Carruth v.*

*Bentley*, 942 F.3d 1047, 1063 (11th Cir. 2019) (affirming district court order dismissing all federal claims with prejudice and declining to exercise supplemental jurisdiction over remaining state-law claims, which were dismissed without prejudice); *Prescott v. Fla.*, 343 F. App'x 395, 400 (11th Cir. 2009) (affirming district court's dismissal of all federal claims with prejudice and its decision to decline supplemental jurisdiction over the remaining state-law claims, and holding that the court did not abuse its discretion in doing so).

Finally, as to Plaintiff's ability to amend the Complaint, he asked for permission to amend within his response to the Motion to Dismiss. DE 18 at 1, 8; DE 19 at 1, 8. As an initial matter, requesting leave to amend in such a manner is improper, as requests for relief must be made by motion. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) ("This Court has explained that filing a motion is the proper method to request leave to amend a complaint, and that a motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." (alteration and quotation marks omitted)); *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (quotation marks omitted)).

Moreover, although a pro se plaintiff "generally should be given at least one chance to amend a complaint before the district court dismisses his action with prejudice, leave to amend is *not* required where such amendment would be futile." *Johnson v. Ortiz*, No. 20-13547, 2022 WL 1311540, at *3 (11th Cir. May 2, 2022) (emphasis in original). Here, amendment would be futile. As explained above, Plaintiff has not pointed to any case that might clearly establish the rights that he says Deputy Spence violated, nor has this Court's own research revealed such a case. Because

re-pleading would not change the fact that Deputy Spence is entitled to qualified immunity or that Plaintiff was arrested pursuant to legal process, amending Plaintiff's complaint would be futile. As such, Plaintiff should not be given leave to amend his Complaint. *See Johnson*, 2022 WL 1311540, at *3 (denying pro se plaintiff leave to amend following dismissal on qualified immunity grounds). Accordingly, to the extent docket entry 19 is considered an Alternative Motion for Leave to Amend, the Court recommends that Motion be denied.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 15th day of October, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE